INGRAM, Presiding Judge.
Plaintiff filed a complaint pursuant to Ala.Code 1975, § 35-14-1, for the willful or reckless cutting of certain trees on his property. The defendant filed a motion for summary judgment, which was granted by the trial court. The plaintiff now appeals to this court.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment.
At the outset, we note that, when passing on a motion for summary judgment, proof by substantial evidence is the test. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989). If the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to show substantial evidence in support of his position. Bass, supra.
Here, the defendant moved for a summary judgment, with a supporting affidavit stating the following:
“I hired someone to scrape the dirt road. The road is a public road, and I own property at the end of it.... I did not scrape the road myself. I did not supervise the scraping of the road. Apparently, some trees may have been knocked down by the operator of the scraper. I do not know how many, if any, trees were knocked down. I did not direct the person I hired to scrape the road to knock down any trees.”
The plaintiffs only response was that he personally saw the defendant on the work-site on several occasions. The plaintiff did make several statements concerning what someone had told him. However, such statements are not admissible, as they are hearsay. See Alabama Rules of Civil Procedure, Rule 56.
The law is clear that an action for statutory damages for destruction of trees lies against a person who cuts down or injures certain varieties of trees on land “not his own, willfully, and knowingly, without the consent of the owner” of the land. Ala. Code 1975, § 35-14-1. Since this statute is penal in nature, it is subject to a strict construction, and the requisite intent must be clearly shown before liability may be imposed. Mizell v. Container Corp. of America, 486 So.2d 398 (Ala.1986).
Here, after the defendant moved for summary judgment, the plaintiff produced no evidence to support his position that the defendant knowingly or willfully cut down his trees. Therefore, we affirm the trial court’s granting of summary judgment in favor of the defendant.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.